UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANGER PANAMA FUND, LLC,
RANGER FUND, S.A., EL POZO
BONITO, S.A., DAVID NIPPER and
BETTY NIPPER, a Florida limited liability
corporation

       Plaintiffs,

v.                               Case No:  2:15-cv-413-FtM-38CM

JOHN KEAMY and CHAMOND LIU,

       Defendants.

_____/

## ORDER[1]

     This matter comes before the Court on Plaintiffs' Motion to Dismiss Counterclaims (Doc. #16) filed on September 3, 2015.  Defendants filed a Response in Opposition (Doc. #19) on September 22, 2015.  The matter is ripe for review.

## Background

     This is a breach of contract action.  Plaintiffs Ranger Panama Fund, LLC, Ranger Fund, S.A., and El Pozo Bonito, S.A. are domestic and foreign corporations engaged in purchasing, selling, and developing real estate in the Republic of Panama.  (Doc. #14 at 3).  Plaintiffs David Nipper and Betty Nipper are the principals of these corporations.  (Doc. #14 at 3).  In March 2007, Defendant Chamond Liu invested $210,000 in a limited liability

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

corporation called Ranger Fund, LLC ("Series") that was tasked with creating the Los Pozos Development in Panama.  (Doc. #14 at 3).

At the time of this investment, Liu believed he would receive profits from the development and eventually the return of his principal investment.  (Doc. #14 at 4). Recently, Liu assigned his rights in the development to Defendant John Keamy for the purposes of collecting these benefits.  Plaintiffs, however, claim Liu had no interest in the development to assign, and filed this action seeking a declaratory judgment specifying as much.  Defendants responded by filing three counterclaims for breach of contract, unjust enrichment, and violation of the Florida Securities Investors Protection Act, Fla. Stat. § 517.301(1)(c).  Now, Plaintiffs seek to dismiss all three counterclaims.

### Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed.  *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Conclusory allegations, however, are not entitled to a presumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss.  *Randall v. Scott*, 610 F.3d 701, 708, n. 2 (11th Cir. 2010).  A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*,

556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Marsh*, 268 F.3d at 1036 n. 16. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Iqbal*, 556 U.S. at 677. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted).

## Discussion

### 1. Counterclaim 1 – Breach of Contract

To adequately plead a breach of contract claim under Florida law, a counterclaimant must allege three elements: (1) a valid contract; (2) a material breach; and (3) damages. *See Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). Here, Liu alleges that when he provided his $210,000 investment to Ranger Fund LLC ("Series"), there was an understanding with Plaintiffs that he "would receive profits from his investment and ultimately the return of the initial investment." (Doc. #14 at 4). And Plaintiffs "breached this oral agreement" by refusing to acknowledge Liu's rights to the development, thereby causing him damages. (Doc. #14 at 4).

Plaintiffs contend these allegations fail to state a breach of contract claim under Florida law for two reasons. First, Ranger Fund LLC ("Series") is not a Plaintiff/Counter-Defendant to this action, nor is there any allegation that any of the Plaintiffs are associated with this entity. (Doc. #16 at 4). So even if Defendants allegations are taken as true, Defendants fail to allege that they entered into a valid contract with any party involved in this action. (Doc. #16 at 4). Second, Defendants allege only that there was an

"understanding," which is insufficient to establish the existence of a contract.  (Doc. #16 at 4).  The Court disagrees.

In the Complaint, Defendants do not allege that Liu entered into a contract with only the Ranger Fund LLC ("Series") entity.  Defendants allege that Liu entered into an oral contract with Plaintiffs.  And that contract provided Liu would receive a share of the profits from the Los Pozos Development and the eventual return of his $210,000 investment.  (Doc. #14 at 3-4).  Indeed, Ranger Fund LLC ("Series") is not a party to this action.  But this does not change the fact that Defendants allege it was the oral contract between Liu and Plaintiffs that led him to invest $210,000 with the Ranger Fund LLC ("Series") entity.  When these factual allegations are taken as true, the Court finds Plaintiffs' first argument must be denied.

Plaintiffs' second argument fares no better.  Relying on *Textron Financial Corp. v. Lentine Marine Inc.*, 630 F. Supp. 2d 1352, 1356 (S.D. Fla. 2009), Plaintiffs contend Defendants allegation of an "understanding" is not sufficient to allege "the existence of a contract."  (Doc. #16 at 4).  Yet, without any explanation from Plaintiffs, the Court is perplexed as to how *Textron* supports this argument.  To begin, *Textron* dealt with a motion for partial summary judgment, not a motion to dismiss.  These distinct motions require distinct perspectives from the Court.  Moreover, there is no indication that *Textron* dealt with an oral agreement or otherwise ruled that alleging an "understanding" is insufficient to allege the existence of a contract.  By titling Count 1 as "Breach of Contract" and alleging an "oral agreement," Defendants have satisfied the minimal requirements to state a claim for breach of an oral contract.  *See, e.g., Aseguradora Colseguros S.A. v. Reinhausen Mfg., Inc.*, No. 6:15-CV-979-ORL-31-DAB, 2015 WL 5735231, at *3 (M.D.

Fla. Sept. 29, 2015) (finding allegations of an oral contract, material breach of that contract, and damages were sufficient for a breach of oral contract claim).

   2. *Counterclaim 2 – Unjust Enrichment*

There are three elements to an unjust enrichment claim asserted under Florida law: "(1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009) (citation omitted). Here, Defendants allege that Liu conferred a benefit on Plaintiffs in the form of his $210,000 investment into the Ranger Fund LLC ("Series") entity, that Plaintiffs appreciated this benefit, and that allowing Plaintiffs to accept and retain the benefit without paying back the value thereof would be inequitable. (Doc. #14 at 4). Plaintiffs aver this claim fails because Florida law does not allow an unjust enrichment claim if an express contract exists covering the same subject matter. The Court disagrees.

It is well established that a party cannot assert a quasi-contract claim, such as unjust enrichment, if there is no dispute among the parties that an express contract governs the subject matter at issue. *See Wiand v. Wells Fargo Bank, N.A.*, 86 F. Supp. 3d 1316, 1332 (M.D. Fla. 2015). But the same does not hold true when there is only an allegation that an oral contract has been breached. In those circumstances, the party alleging breach may, in the alternative, assert a claim for unjust enrichment pursuant to Federal Rule of Civil Procedure 8(d)(2). *See Rolyn Const. Corp. v. Coconut Grove PT Ltd. P'ship*, No. 07-20834-CIV-HUCK, 2007 WL 2071268, at *2 (S.D. Fla. July 19, 2007).

To do so, however, the party must ensure it excludes any allegations that a contract exists from the unjust enrichment claim. *See id.*

Turning to this action, while Defendants assert a claim for breach of oral contract, they separate any allegations relating to this claim from their unjust enrichment claim. The pertinent allegations asserted for the unjust enrichment claim are only that Liu conferred a $210,000 benefit; Plaintiffs accepted and appreciated this benefit, promising to share proceeds and return the benefit principal; and Plaintiffs failed to do so, making it inequitable for them to retain the benefit. By separating the allegations for their separate and distinct claims, Defendants successfully asserted an unjust enrichment claim that survives this Motion.

    *3. Counterclaim 3 – Violation of Fla. Stat. § 517.301*

Florida's Securities Investors Protection Act makes it unlawful for a person "to knowingly and willfully falsify, conceal, cover up, by any trick, scheme, or device, a material fact, make any false, fictitious, or fraudulent statement or representation, or make or use any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry." Fla. Stat. § 507.301(1)(c). Defendants allege Plaintiffs violated this Act by "failing to acknowledge Lui's [sic] investment" and by "misrepresent[ing] the existence of Lui's [sic] investment." (Doc. #14 at 5). Plaintiffs argue this claim fails for two reasons. First, Defendants allege only that Liu invested only with Ranger Fund LLC ("Series"), a Nevada entity that is not covered under the Act. Second, Defendants fail to allege that Plaintiffs engaged in "knowing and willful" conduct, as required by the Act.

The Court disagrees with Plaintiffs' first argument.  Defendants base Counterclaim 3 on their alleged oral agreement with Plaintiffs, and that agreement involved Florida residents who are covered by the Act.  But the Court agrees with Plaintiffs' second argument.  In alleging this claim, Defendants provide two bare-bones, conclusory statements: (1) Plaintiffs "misrepresented the existence of Lui's [sic] investment"; and (2) "[b]y failing to acknowledge Lui's [sic] investment, [Plaintiffs] have violated [the Act]." (Doc. #14 at 5).  Beyond the lack of allegations that Defendants engaged in knowing and willful conduct, as required by the Act, these bare-bones allegations do not withstand the *Iqbal-Twombly* pleading standard.  Therefore, Counterclaim 3 must be dismissed without prejudice.[2]

Accordingly, it is now

**ORDERED:**

1.  Plaintiffs' Motion to Dismiss Counterclaims (Doc. #16) is **GRANTED in part**.

2.  Defendants' Counterclaim 3 is **DISMISSED without prejudice.**  Defendants have up to and including **December 21, 2015**, to amend this counterclaim.

**DONE** and **ORDERED** in Fort Myers, Florida, this 7th day of December, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] Should Defendants wish to amend Counterclaim 3, they should strive to specify which part of Fla. Stat. § 517.301(1)(c) they believe Plaintiffs violated and remember that if they are relying on allegations of fraud, those allegations must meet the requirements of Federal Rule of Civil Procedure 9(b).