UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANGER PANAMA FUND, LLC,
RANGER FUND, S.A., EL POZO
BONITO, S.A., DAVID NIPPER and
BETTY NIPPER, a Florida limited
liability corporation

          Plaintiffs,

v.                                     Case No:   2:15-cv-413-FtM-38CM

JOHN KEAMY and CHAMOND LIU,

          Defendants.

_____/

## ORDER[1]

      This matter comes before the Court on Plaintiffs' Amended Motion for Summary Judgment (Doc. #48) filed on August 26, 2016.   Defendants filed a Response in Opposition (Doc. #46) on August 23, 2016.[2]   Pursuant to this Court's Order (Doc. #51), Plaintiffs then filed a Reply to Defendants' Response in Opposition on September 12, 2016 (Doc. #52).   The matter before the Court is now ripe for review.

## BACKGROUND

      This case centers on a dispute regarding a real estate investment in the Republic of Panama. Plaintiffs Ranger Panama Fund, LLC, Ranger Fund, S.A., and El Pozo Bonito,

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.
[2] Plaintiffs originally filed their Motion for Summary Judgment on August 8, 2016, but in so doing failed to include a signature block in compliance with Federal Rule of Civil Procedure 11. The Court then struck that Motion, and provided leave to file an Amended Motion for Summary Judgment.  (Doc. #47).  Because the amendment was minor, the Court did not require a separate response in opposition from Defendants.

S.A. (collectively, the "Ranger Companies") are domestic and foreign entities that purchase, sell, and develop real estate, including a real estate development in Los Pozos, Panama ("Los Pozos Development").  (Doc. #14 at 3).  Plaintiffs David Nipper and Betty Nipper are the principals of the Ranger Companies.  (Doc. #14 at 3).  Defendants are individuals that claim a financial interest in the Los Pozos Development.

In March 2007, Defendant Chamond Liu invested $210,000 in a company called Ranger Funds, LLC,[3] which he claims was to be used for the Los Pozos Development (the "Investment").[4]  (Doc. #14 at 3).  The history of Liu's involvement with Ranger Funds, LLC is highly salient to this case. Ranger Funds, LLC was an entity run by a non-party named Jes Black, who Liu first learned of through a foreign exchange trading website. (Doc. #38-1 at 46:12-22).

Beginning in the mid-2000's, Liu made three investments with Black, beginning domestically and moving to international investments in Mexico. (Doc. #38-1 at 47:13-25).  Around March 2007, Black contacted Liu to pitch an investment in the Los Pozos Development, despite the fact that Liu had never been to Panama.  (Doc. #38-1 at 42:12-14, 48:14-49:22,).  Black then sent Liu a purchaser questionnaire under the company name "Ranger Panama Funds Series, LLC." But, the questionnaire specifically omitted mention of the Los Pozos Development.  (Doc. #38-1 at 53:12-54:1).

---

[3] Liu's deposition testimony reveals that he was originally led to believe he was investing in an entity called Ranger Panama Fund Series, LLC. (Doc. #38-1 at 53:16-20).  All accountings of the investment, however, came from Ranger Funds, LLC. (Doc. #38-1 at 62:13-63:3). Similarity of the names aside, Plaintiffs are not associated with either company. (Doc. #38-1 at 73:18-21).

[4] Liu's purchaser questionnaire indicated that his Investment was intended to be $500,000.00, with an additional $290,000.00 to be rolled over from another of Liu's investments in a separate enterprise helmed by Black. (Doc. #38-1 at 54:22-55:7). It does not appear that this secondary investment ever occurred; however, because the disputed amount here only relates to the Investment, the Court need not inquire deeper as to the fate of the remaining funds.

Shortly thereafter, Liu telephoned Jamison Savage, who worked for Plaintiffs, to discuss the merits of investing in the Los Pozos Development. (Doc. #38-1 at 50:11-51:13). Savage informed Liu that the Los Pozos Development was an "outstanding opportunity." (Doc. #38-1 at 51:7). Although the parties offer competing narratives regarding the conversation, Liu concedes that his substantive understanding of the Los Pozos Development came from Black. (Doc. #38-1 at 51:6-13). Specifically, Black told Liu that the Investment would be used to acquire and develop lots in the Los Pozos Development, and that profit derived therefrom would be distributed on a pro rata basis. (Doc. #38-1 at 91:11-18, 91:23-92:3. 92:23-93:3).

In March 2007, Liu made the Investment. (Doc. #14 at 3). Subsequently, he received yearly K-1 statements from Ranger Funds, LLC.[5] (Doc. #38-1 at 64:13-24). The 2009 K-1 statement reflects a distribution of $174,764.00, but Liu did not receive this money. (Doc. #38-1 at 69:13-16). Instead, it appears that the funds from his Investment were transferred to another Black-owned entity called Los Pozos Bonito, S.A. (Doc. #38-1 at 75:5-76:11). Concurrent with the transfer, Ranger Funds, LLC was closed. (Doc. #38-1 at 74:2-75:11). Liu never again received K-1 statements from Ranger Funds, LLC. (Doc. #38-1 at 75:15).

In November 2013, Liu telephoned Plaintiff David Nipper ("Nipper") to inquire about the status of his Investment in the Los Pozos Development. (Doc. #38-1 at 32:4-16). Nipper responded that he had no evidence that the Investment was related to any of the

---

[5] K-1 statements are tax documents filed with the Federal Government by a partnership, which indicates an individual's share of the partnership's income, deductions, distributions and credits. *Schedule K-1 (Form 1065), Partner's Share of Income, Deductions, Credits, etc.*, IRS (last updated August 17, 2016), https://www.irs.gov/uac/about-schedule-k1-form-1065.

Ranger Companies.  (Doc. #38-1 at 32:22-24, 33:20-34:21).  A subsequent call by Liu to Nipper resulted in another denial of liability or relation.  (Doc. #38-1 at 33:13-17).

Later, Liu met Defendant John Keamy after hearing of him through Black.  (Doc. #38-1 at 81:25-82:1).  Upon failing to see any kind of return on his Investment from Black or any of the Plaintiffs, Liu assigned his full interest in the investment to Keamy on April 20, 2015. (Docs. #14 at 4, #38-1 at 85:13).

On July 8, 2015, Plaintiffs originally filed this action seeking a declaratory judgment as to their liability as relates to Defendants.  (Doc. #1).  Defendants responded by filing three counterclaims for breach of contract, unjust enrichment, and a violation of the Florida Securities Investors Protection Act, Fla. Stat. § 517.301(1)(c), the latter of which was subsequently dismissed. (Docs. #1, #27).  At no point have Defendants attempted to join Black.  Now that discovery has closed, Plaintiffs move for summary judgment as to Defendants' two remaining counterclaims and their claim for declaratory judgment.

**Legal Standard**

An award of summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To that end, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Such a dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

In deciding whether summary judgment is appropriate, the Court evaluates the evidence in the record, "including depositions, documents, electronically stored

information, affidavits or declarations, stipulations . . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A). All evidence, and factual inferences reasonably drawn from that evidence, must be viewed in the light most favorable to the nonmoving party. *See* Rioux v. City of Atlanta, 520 F.3d 1269, 1274 (11th Cir. 2008) (citations omitted). Similarly, all reasonable doubts about the facts must be resolved in favor of the non-movant. *See* id. At the summary judgment stage, it is not the court's task to "weigh the evidence and determine the truth of the matter," but rather to "determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. That said, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted)). Finally, a motion for summary judgment cannot be defeated by resting on the conclusory allegations in the pleadings. *See* Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248.

## DISCUSSION

At the time of the Investment, Liu alleges that there was an understanding with Plaintiffs that Liu's capital venture would yield profits from the Los Pozos Development. (Doc. #14 at 4). Conversely, Plaintiffs claim that they have no relationship with Liu, or his Investment, and that any arrangement Defendants had involved a non-party titled Ranger Funds, LLC. (Doc. 48 at 2). Plaintiffs also aver that none of Liu's funds were used in the Los Pozos Development. (Doc. #48 at 2).

### A. Counterclaim 1 – Breach of Contract

Under Florida law, a claim for breach of contract consists of three elements: (1) a valid contract; (2) a material breach; and (3) damages. *See Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). Here, Defendants argue that when Liu provided his $210,000 investment to Ranger Funds, LLC, there was an understanding with Plaintiffs that he would see a return on his original capital as well as profits from the Los Pozos Development. (Doc. #14 at 4). This understanding was formed, they argue, at least in part, upon Liu's conversation with Plaintiffs' agent, Savage. (Doc. #46 at 2). Defendants further allege that Plaintiffs "breached this oral agreement" by refusing to acknowledge Liu's rights to the development, or to remunerate his Investment, thereby causing Liu damages. (Doc. #14 at 4).

Plaintiffs contend that they are entitled to summary judgment on the issue of breach of contract because they were never a party to any contract with Liu, much less any successive party in interest. (Doc. #48 at 7). The undisputed record reveals that Liu admits that his sole point of contact for the Investment into Ranger Funds, LLC, a non-party to this action, was another non-party - Black. (Doc. 38-1 at 48:5-13). Furthermore, Liu admits that any agreement he had regarding the Investment was with Black, and not Plaintiffs or their representatives. (Doc. 38-1 at 95:4–97:5). Liu has also testified that he has never spoken with Plaintiff Betty Nipper, and that when he had the opportunity to speak with David Nipper, he immediately repudiated the existence of any interest on the part of Liu stemming from the Los Pozos Development. (Doc. 38-1 at 31:23-32:24, 37:6-12). For his part, David Nipper has also testified that Black was never authorized to act on behalf of any Plaintiff, that Ranger Funds, LLC was never owned or controlled by any

of the Plaintiffs, and that none of Liu's investment was ever used to fund the Los Pozos Development.  (Doc. #40-1, ¶¶ 5-6).

That said, the Court need not venture into whether there are genuine issues of material fact here that preclude summary judgment as to Defendants' breach of contract claim, because it finds that Defendants do not have standing to assert the claim as alleged.

When a party assigns his interests in full to another party, "the assignee 'stands in the shoes of the assignor' and the 'assignor retains no rights to enforce the contract' at all." *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1227 (S.D. Fla. 2009) (quoting *Leesburg Cmty. Cancer Ctr. v. Leesburg Reg'l Med. Ctr., Inc.*, 972 So. 2d 203, 206 (Fla. 5th DCA 2007)).  The right to enforce a contract through judicial recourse is known as standing.  To maintain standing, a claimant must have suffered an "injury in fact." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  This requires "an invasion of a legally protected interest." *Id.* In turn, courts have the power and obligation to inquire *sua sponte* into the merits of a party's standing.  *See Bischoff v. Osceola Cty., Fla.*, 222 F.3d 874, 877 (11th Cir. 2000).

Here, Defendants represent that prior to April 20, 2015, Liu assigned his interests in the investment to Keamy.  (Docs. #14 at 4; #38-1 at 85:13).  Although this assignment took place before Defendants filed their counterclaims, Defendants ground their breach of contract claim on damages that Liu - and not Keamy - experienced.  (Doc. #14 at 4). This is problematic because when Liu transferred his contract rights to Keamy prior to the filing of the counter claims in this action, he was divested of his rights as a debtor, and

henceforth lacked standing to pursue all claims related to the Investment.[6]  *See Sierra Equity Grp.*, 650 F. Supp. 2d at 1227.  Because Keamy seeks to route his claim through Liu's rights as a party to the contract, he too lacks standing to maintain these claims. Accordingly, the Court grants Plaintiffs' Motion for Summary Judgment as to Defendants' breach of contract counterclaim.

### B.  Counterclaim 2 – Unjust Enrichment

Under Florida Law, an unjust enrichment claim requires "(1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof."  *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009) (citation omitted).

Here, Defendants allege that Liu conferred a benefit on Plaintiffs in the form of the Investment into Ranger Funds, LLC, that Liu's Investment was based on the representations of Plaintiffs' agent, that Plaintiffs appreciated this benefit, and that it would be inequitable to allow Plaintiffs to accept and retain the benefits without distributing profits or returning the initial capital outlay.  (Doc. #14 at 4).  Conversely, as is mentioned above, Plaintiffs aver that Defendants' claims are misguided in that the Investment was neither motivated by, nor connected to, any of Plaintiffs' entities.  (Doc. #48 at 9-10).

Even when viewed in the light most favorable, the Court does not find genuine issues of material fact that preclude summary judgment in Plaintiffs' favor.  *See Ricci*, 557 U.S. at 586 (2009).  First, the record shows that Liu did not ever actually invest with the Plaintiffs. Instead, Liu's deposition testimony reveals that his Investment was with Ranger

---

[6] As a result of his assignment, Liu's claims are dismissed from this matter without prejudice.

Funds, LLC, a non-named party that was owned or controlled by Black. (Doc. #38-1 at 53:16-20, 62:13-63:3, 73:18-21).   Liu's testimony also bears that his Investment and expectations of return and/or profit were based exclusively on oral communications with Black.   (Doc. #38-1 at 48:11-13, 92:1-3, 93:3).   Similarly, Liu testified that the oral agreement alleged to exist with Plaintiffs in Defendants' counter claim was, in actuality, an agreement only with Black. (Doc. #38-1 at 95:16).

Defendants mount only a singular argument to undermine Plaintiff's Motion, averring that Liu had conversations with Plaintiffs' representative, Savage, regarding the merits of investing in the Los Pozos Development, and that Liu relied on those conversations when making the Investment.   (Doc. #46 at 1).   That said, Defendants make no attempt to reconcile Liu's Investment with Black or Ranger Funds, LLC and Liu's alleged understanding of remuneration with the Plaintiffs.[7]   Indeed, Defendants have not made a coherent argument as to *how* Liu's conversation with Savage led him to believe Ranger Funds, LLC or Black had a relationship with the Plaintiffs.   The Court need not make this unsupported inferential leap, as Liu's deposition testimony reveals that the absence of this logical link is due to the fact that it simply does not exist. Instead of leading Liu to believe he was doing business with the Plaintiffs, Liu admits that the conversation with Savage merely touched on Savage's opinions regarding the merits of the Los Pozos Development, and that Liu's understanding of his relationship with Plaintiffs came exclusively through Black.   (Doc. #38-1 at 50:11-51:13, 91:11-18, 91:23-92:3, 92:23-93:3).   In fact, Liu testified that his only communications about the actual Investment were

---

[7] The Court also notes the conspicuous absence of Black, the central figure behind the Investment in this matter.

with Black.  (Doc. #38-1 at 96:8).  These admissions leave Defendants' argument without support.

Lastly, Defendants also claim in their pleadings that Plaintiffs received a benefit from Liu's Investment, but fail to elaborate *how*, *when* or *from whom* this benefit was transferred.  Instead, Defendants rest on their conclusory allegation that Plaintiffs simply received funds from Liu's investment, and that retention of same would be inequitable.  The Court cannot rely on Defendants' threadbare allegations to determine the issue at hand.  *See* Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 248.

A review of the record indicates that Alan Schimmel, an accountant with an employment history in both the Black-owned Ranger Funds, LLC and the Nipper-owned Ranger Panama Funds, LLC, could not identify the existence of a single circumstance where he was aware that funds from the Investment transferred to any of the Plaintiffs.  (Doc. #39-1 at 10:4-11:22, 21:3-7).  Plaintiffs have stated the same under oath. (Doc. #40-1, ¶ 10).  The Court finds this evidence to be compelling in light of the complete absence of anything in the record that would call these statements into question.

Despite viewing Defendants' counterclaims in the light most favorable, a review of the record reveals no indication of a relationship of any kind between Plaintiffs and Defendants.  As a result, the Court finds that a reasonable trier of fact could not conclude that Liu's Investment conferred a benefit on the Plaintiffs, and that concerns about retention of funds are moot.  Accordingly, the Court grants Plaintiffs' Motion for Summary Judgment as to Defendant's unjust enrichment counterclaim.

### C. Plaintiffs' Declaratory Judgment Action

Plaintiffs also move for summary judgment on their declaratory judgment claim. For their part, Defendants fail to rebut Plaintiffs' arguments. Federal Rule of Civil Procedure 56(e) states that

> if a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

Here, although Defendants have failed to grapple with Plaintiffs' Summary Judgment argument, the Court will still address the merits of the motion. The Declaratory Judgment Act grants a federal court the right to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 USC § 2201(a). Here, after consideration of the record and the findings laid out above, the record shows that a reasonable trier of fact could not conclude that Liu ever invested any money in any of the Plaintiffs or their entities, and that none of Liu's funds have gone to or benefitted Plaintiffs or their entities. Based on those conclusions, the Count enters summary judgment in favor of the Plaintiffs as to their declaratory judgment claim, finding that Plaintiffs are not liable to Keamy in any way for Liu's Investment.

Accordingly, it is now

**ORDERED:**

1.  Plaintiffs' Amended Motion for Summary Judgment (Doc. #48) is **GRANTED**.

2. The Clerk is directed to ENTER JUDGMENT in favor of Plaintiffs on their declaratory relief claim (Doc. #1) and DISMISS Defendants' counterclaims (Doc. #14).

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of September, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record